IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| CARLOS LAMONT FISHER, JR., § § Petitioner, § § v. § 2:12-CV-0161 § WILLIAM STEPHENS, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner CARLOS LAMONT FISHER, JR., challenging his October 19, 2010 convictions for possession of 400 grams or more of cocaine with intent to deliver and assault of a public servant out of the 223rd Judicial District Court of Gray County, Texas, and the resultant forty and ten year sentences. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition be DENIED.

### I.
### FACTS AND PROCEDURAL HISTORY

Petitioner Carlos Lamont Fisher was charged by indictment in cause number 7,369 with possession with intent to deliver cocaine in an amount of 400 grams or more. The Amarillo Court

of Appeals described the facts of the case as follows:

> The dispute before us involves the situation where both a Texas prosecutor and appellant sought to have appellant returned to Texas for trial. At the time, appellant was incarcerated in a Missouri prison but had pending against him, in Gray County, Texas, an indictment accusing him of the crime for which he was ultimately convicted. What we are asked to decide is whether the State was obligated to try him within 120 or 180 days of his return to this jurisdiction. Which applied is critical since it could affect whether the trial court was obligated to dismiss the prosecution.
>
> The local district attorney desired to have appellant returned to Texas, and on November 9, 2009, she requested that prison officials in Missouri deliver him for trial. The request was forwarded via cover letter dated December 3, 2009, to the Eastern Reception, Diagnostic & Correctional Center in Bonne Terre, Missouri. That was supposed to be the prison at which appellant was held. However, he had been moved to another facility in Bowling Green, Missouri. [H]e received, on December 18, 2009, notice that the State of Texas had lodged a detainer against him. This induced him to seek a final disposition of the Texas charges pending against him. To that end, appellant executed his written request manifesting his desire on December 18th and disclosed therein that the place of his incarceration was the Northeast Correctional Center in Bowling Green, Missouri. Officials in Gray County received the request on or about December 29, 2009. By January 15, 2010, appellant was back in Texas.
>
> Appellant originally went to trial on June 14, 2010. That proceeding resulted in a mistrial per appellant's request. The court began its second trial of him on October 18, 2010. That is when appellant first broached the matter of the 120–day deadline, contending that the period lapsed before the June 14th trial started.

*Fisher v. State*, 357 S.W.3d 115, 116 (Tex. Crim. App.—Amarillo 2011, pet. ref'd). As set out by the state appellate court, an examination of the record shows the topic of dismissal for failure to comply with the Interstate Agreement on Detainers Act (IAD) was first broached by petitioner at the start of his second trial, following the qualification of the jury panel. 2 RR 27. Argument on the motion to dismiss for failure to comply with the IAD concluded following closing argument but, prior to the jury's verdict. 3 RR 92. The trial court denied petitioner's motion to dismiss.

The jury then found petitioner guilty of possession with intent to deliver, as charged in the indictment. The jury also found petitioner guilty of assault against a public servant, which was a lesser included offense of an offense charged in a separate indictment, but which charge had been tried jointly with the possession charge. The trial court assessed punishment of forty years imprisonment on the possession with intent to deliver charge and ten years imprisonment on the assault charge.

Petitioner filed an appeal with the Texas Seventh Court of Appeals, and that court affirmed the possession with intent to deliver conviction. Petitioner filed a petition for discretionary review, which was refused. Petitioner filed a motion for rehearing, which was also refused. Petitioner did not file a state habeas application.

## II.
## PETITIONER'S CLAIMS

Petitioner alleges his conviction and sentence violate his rights under the Constitution, laws, or treaties of the United States because:

1. The trial court did not have jurisdiction; and
2. The court of appeals should have reversed petitioner's conviction.

## III.
## AEDPA

This federal petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case.

Under 28 U.S.C. § 2254(d), a federal writ of habeas corpus on behalf of a person in

custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the prior adjudication:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision adjudicated on the merits in state court and based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application, it is an adjudication on the merits, which is entitled to the presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim."); *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (recognizing this Texas state writ jurisprudence).

### IV.
### ASSAULT CONVICTION

Respondent first argues petitioner's claims, as they relate to his assault conviction, are both time barred and unexhausted because petitioner did not, prior to the filing of this federal habeas petition, seek post-conviction relief related to his assault conviction.

An examination of the record reflects respondent is correct. Petitioner states in his original appellate brief, "This is an appeal of a conviction for possession with intent to deliver 400 grams or more of cocaine." Pet. App. Br. at 2. His brief then says petitioner "pled not guilty to the indicted offense, but was found guilty by a jury (and was also found guilty of another offense, which he has not appealed)," referencing the assault conviction. *Id.* Fisher's petition for discretionary review likewise states, "This appeal involves a conviction for possession of a controlled substance." PDR at 2. Thus, it does not appear petitioner ever appealed his assault conviction. Petitioner claims in his "Traverse" that an appeal of one charge is necessarily an appeal of both charges, but cites no authority in support. Thus, it appears petitioner's claims, as they relate to the assault conviction, are unexhausted and procedurally barred.

Respondent also claims the one-year period for filing a federal habeas petition on the assault conviction began to run on November 18, 2010, when petitioner failed to file a direct appeal, and expired one year later on November 18, 2011, absent tolling. The Court does not need to address the limitations issue because, as set forth above, the assault claim is procedurally barred.

V.
INTERSTATE AGREEMENT ON DETAINERS (IAD) CLAIM

Petitioner claims that, because the state filed a notice of detainer, the indictment against him should have been dismissed because his trial did not occur within the 120-day time limit described in Article IV of the IAD.[1]

The IAD is an agreement between forty-eight states for the orderly disposition of criminal

---

[1] To the extent petitioner presents other claims of alleged violations of the IAD, they are unexhausted.

charges pending against prisoners in one state who are imprisoned by another state (or the federal government). Under the two articles at issue, the initial question is by whom the request for disposition of the detainer was made. Under Article III, when a detainer is pending and a *prisoner* causes to be delivered to the prosecuting officer and the appropriate court written notice of the prisoner's place of imprisonment and requests final disposition of the pending indictment, the prisoner must be brought to trial within 180 days. Alternatively, under Article IV, if a detainer is pending and an "appropriate officer of the jurisdiction" in which an untried detainer is pending files a request with the appropriate authorities for custody of a prisoner, the holding jurisdiction is required to continue to hold the prisoner for thirty days before transferring the prisoner to the jurisdiction of the untried indictment. Once the prisoner is delivered, the receiving jurisdiction is required to commence trial within 120 days. In either case, if after the allotted time has expired the prisoner has not been tried, the indictment must be dismissed with prejudice.

During the state court proceedings, petitioner contended Article IV applied. He argued that while he filed a request under Article III, the prosecutor had also made a request under Article IV, and the prosecutor's request was controlling. If Article IV controlled, petitioner argued, his claim should be dismissed because the first trial—which ended in mistrial—did not begin until after the expiration of the 120-day period. In this habeas petition, petitioner argues in his "Traverse" that even if the article III 180-day period controlled, the indictment should have been dismissed because, even though the first trial began within 180 days, the second trial did not, and it was the court and prosecutor's duty to begin an error-free trial within the allotted time. Pet. Trav. at 13-14. That argument, relating to a 180-day violation, was not initially asserted in

the federal petition nor has it been exhausted. It is not properly before the Court

Respondent also contends the controlled substance conviction claims are procedurally barred because the state appellate court "applied Texas's contemporaneous objection rule and found that Fisher had not preserved his claim for review." Resp. Ans. at 9. From a review of the state appellate decision, however, it is not clear the appellate court "expressly and unambiguously based its denial of relief on a state procedural default." *Id.*, citing *Harris v. Reed*, 489 U.S. 255, 265, 109 S.Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The state appellate court denied relief based upon three alternative grounds, but only one was the contemporaneous objection rule. The other two grounds addressed the merits of petitioner's claims. The Court will address the merits of petitioner's 120-day IAD claim.

Ultimately, it is not critical whether Article III or IV applied to petitioner's case. The Supreme Court, in *Reed v. Farley*, 512 U.S. 339, 342, 114 S.Ct. 2291, 2294, 129 L. Ed. 2d 277 (1994), held that "a state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." The Court left open the question of whether a *cognizable* violation of the IAD, *i.e.* one where the defendant objected at the time the trial was set and was prejudiced by the later trial setting, would entitle a petitioner to relief in a § 2254 petition. The Fifth Circuit addressed the issue in *Lara v. Johnson*, 141 F.3d 239, 242-43 (5th Cir. 1998) holding that for relief to be granted, a petitioner must show the IAD violation rises to the level of a fundamental defect that affects or damages the ability of petitioner to have a fair trial or caused an innocent person to be convicted and imprisoned.

Petitioner's claim fails to meet the *Lara* criteria. Petitioner presents no argument

regarding when an objection to the scheduling of the first trial was first raised or if it ever was. From an examination of the record, it appears the issue was first raised at the second trial after the jury panel had been qualified, but before voir dire was conducted. 2 RR 28. Petitioner has not shown he made a timely objection to the first trial setting by objecting at the time the trial was set. Petitioner has also not shown he was prejudiced by the delayed commencement of the trial. Petitioner has failed to show his IAD claim is cognizable in this § 2254 proceeding.

Even if petitioner's claims were cognizable, *i.e.* if petitioner had shown the objection was raised at the time the trial was first set, petitioner has not shown, or even argued the alleged error rises to the level of a fundamental defect. There is no evidence and petitioner has not argued his trial was rendered fundamentally unfair or that he was actually innocent of the charge. Petitioner has not presented a meritorious "fundamental defect" claim.

Petitioner's claims that the trial court was without jurisdiction and the appellate court erred by not reversing his conviction are not cognizable on federal habeas review, and, alternatively, even if cognizable, petitioner has not met his burden of showing a fundamental defect existed.

Further, even if there were merit to petitioner's claim, petitioner has not shown the state court decision denying relief and affirming petitioner's conviction on the merits on the second and third grounds was unreasonable.

First, the state appellate court found, as a matter of statutory interpretation, that if Article III and Article IV were *both* triggered, the procedure in Article III controlled (or, at least, the conviction could stand if the procedure in Article III were followed). *Fisher*, 357 S.W.3d at 117. The appellate court held this was so because the Article IV 120-day limitation is only required

where disposition of the case is "'made possible' by the procedures outlined in Article IV." *Id.* The court found this meant Article IV applies only where "the forum was garnered though the unilateral actions of the requesting state or 'appropriate official.'" *Id.* Article III, on the other hand contains no such language and does not require the accused's presence to be gained by the accused's own efforts. Thus, where an accused "invokes the procedures made available to him under the statute, it is not necessarily true that his presence . . . was 'made possible' by the prosecutor's conduct for purposes of Article IV."

Second, the state appellate court found in the alternative that, as a factual matter, petitioner arrived in Texas by operation of Article III. *Id.* (adopting the rationale of the concurring opinion). In the concurrence, Justice Campbell found that, although Gray County initiated Article IV procedures, Missouri authorities "treated the case as one proceeding under Article III" following petitioner's filing of the appropriate Article III paperwork. The forms used by Missouri authorities indicated they were delivering temporary custody pursuant to an inmate-initiated request, and Texas accepted petitioner using forms which reflected an inmate request. The Texas court tried petitioner adhering to the Article III time limitations. The state appellate court held this evidence indicated Article III was the controlling article.

The state appellate court holding that the statutory language of Article III controlled in petitioner's case was not contrary to or an unreasonable application of clearly established federal law. Additionally, the state appellate court's alternative finding that, as a factual matter, Article III was the statute utilized was not an unreasonable determination of the facts in light of the evidence presented. Petitioner's claims are without merit.

## VI.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CARLOS LAMONT FISHER be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this  20th  day of August 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).